UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>DANIEL M. ROSENBAUM | Case No. 21 CR 239<br><br>Judge Manish S. Shah |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Daniel M. Rosenbaum raises two objections to the Guidelines calculation in the PSR, neither of which has merit. Dkt. 71, Def. Sent. Mem. at 4-5, 8-9. First, Rosenbaum asserts that a two-level enhancement under Guideline § 2B1.1(b)(10)(C) is not warranted because his offenses did not involve sophisticated means and were nothing more than "a run of the mill wire fraud scheme." *Id.*; PSR ¶ 44. Rosenbaum's attempt to minimize the sophistication of his offenses should be rejected. As noted in the plea agreement and PSR, Rosenbaum convinced clients to send him annuity premiums that he pocketed for personal use, and to conceal this fraud, Rosenbaum created and provided clients fake annuity contracts and statements (an example of which was provided to the Court; *see* Dkt. 72-1) that purported to represent legitimate annuities from insurance companies. PSR ¶ 10. To further perpetuate and conceal the scheme, Rosenbaum also used annuity payments that he fraudulently collected from some clients to repay annuity premiums that he had fraudulently collected from other clients. *Id.* But Rosenbaum's fraudulent ways did not end there.

In the fraudulent PPP loan applications that Rosenbaum submitted on behalf of himself and two close family members, Rosenbaum used those family members' personal identifiers without their knowledge or permission and created and submitted fictitious bank statements to make it seem as though all three individuals were working in the sales-representative industry when, in fact, they were not. *Id.* ¶¶ 17-20, 25. Similarly, in fraudulently applying for unemployment insurance benefits for himself and a close family member, Rosenbaum submitted a March 15, 2020 letter purportedly signed by the president of Rosenbaum Family Planning, which was a company Rosenbaum used to continue to steal funds from clients after he had lost his insurance provider license in 2020. *Id.* ¶¶ 26, 94, 98. Furthermore, to perpetuate his frauds, Rosenbaum used and had money deposited into multiple bank accounts in his name, the names of various businesses, and the names of other individuals. *Id.* ¶ 44.

Rosenbaum's use of (a) fictitious and doctored documents that he created (such as bank statements, annuity invoices, insurance policy contracts, and forged letters), (b) the personal identifiers of two close relatives, (c) multiple bank accounts, and (d) subsequent victim money to pay back prior victims demonstrates that his offense conduct involved "a greater level of planning or concealment than a typical fraud" and warrants application of the sophisticated-means enhancement. *See United States v. Marshall*, No. 18 CR 138, 2022 WL 1198068, at *1 (N.D. Ind. Apr. 22, 2022) (quoting *United States v. Green,* 648 F.3d 569, 576 (7th Cir. 2011)); PSR ¶ 44. Courts in this circuit repeatedly have applied the sophisticated-means enhancement under

similar circumstances. *E.g., Marshall*, 2022 WL 1198068 at *1 (applying sophisticated-means enhancement when defendant took money from subsequent investors to pay off prior investors and created and used false documents to purportedly show stable investments to his investors); *United States v. Landwer*, 640 F.3d 769, 770-72 (7th Cir. 2011) (affirming district court's application of sophisticated-means enhancement when defendant "masked his fraud" for a period of seven years by creating and using phony documents to conceal fraudulent transactions from his clients or falsely reassure them that their investments were safe). The same result is warranted here.

Second, Rosenbaum disagrees with application of the three-level enhancement under Guideline § 3C1.3 because he was not convicted of any crimes for his misconduct while on pretrial release. Def. Sent. Mem. at 5; PSR ¶ 48. No such conviction is required for application of the enhancement. As Rosenbaum admitted in his plea agreement, while he was on pretrial release, he participated in a scheme to defraud two additional clients and fraudulently obtained $225,214 from those clients that he used for his personal benefit, in violation of 18 U.S.C. §§ 1343 and 3147. Dkt. 66, Plea Agmt. at 6-10; PSR ¶¶ 13-16. Despite expressly admitting to violating § 3147 and agreeing to the three-level enhancement under Guideline § 3C1.3 (Plea Agmt. at 21), Rosenbaum now seeks to avoid punishment for his additional misconduct by arguing that, because he was not charged with and convicted of violating § 3147, he should escape the Guidelines as well as the statute.

3

But whether or not § 3147 was charged, it undoubtedly applies to Rosenbaum's conduct.

Sentencing judges may use all information that they possess to properly compute their sentence. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person . . . for the purpose of imposing an appropriate sentence."). The Seventh Circuit has held that the relevant burden at sentencing for application of a sentencing enhancement is "preponderance of the evidence." *E.g., United States v. Kroledge*, 201 F.3d 900, 908-09 (7th Cir. 2000). The government has easily met its burden here based on Rosenbaum's admissions in his plea agreement about the crimes he committed while on pretrial release. And that is all that is needed, as the Seventh Circuit has upheld the application of a § 3C1.3 enhancement where the defendant was not charged with or convicted of violating § 3147. *See United States v. Marcotte,* 835 F.3d 652, 656-58 (7th Cir. 2016) (district court's application of § 3C1.3 enhancement was proper when facts of defendant's crime on pretrial release constituted a violation of § 3147 even though defendant was not charged with or convicted of violating that statutory provision). Indeed, in *United States v. Rigsby*, 501 Fed. App'x 545, 550 (7th Cir. 2013), the Seventh Circuit upheld an above-Guidelines sentence for the defendant but criticized the government for not seeking an enhancement under Guideline § 3C1.3, stating:

> [F]or completeness we note that the degree to which Rigsby's prison sentence exceeds the guidelines range is greatly exaggerated because the government inexplicably agreed to an artificially low calculation of Rigsby's total offense level . . . . Rigsby committed a crime during his

4

release—bail jumping, in violation of 18 U.S.C. § 3146—but the government apparently overlooked the three-level increase that should have resulted. *See* U.S.S.G. § 3C1.3 [and citing cases applying § 3C1.3].

*Rigsby's* logic is clear: § 3C1.3 should have been applied even though § 3147 was not charged. What matters is not if the defendant was convicted under § 3147, but if the defendant engaged in the conduct that § 3147 prohibits. Because the answer to that inquiry in this case is a resounding yes, Rosenbaum's total offense level should include the three-level enhancement under § 3C1.3. *See also United States v. Simpson*, 682 Fed. App'x 299, 303 (5th Cir. 2017) ("Because the reference in Guidelines section 3C1.3 to the section 3147 statute is meant to identify the conduct that triggers an enhancement, not make the enhancement depend upon a conviction under the statute, the trial court did not err by applying the enhancement for offenses committed while on pretrial release.").

For the reasons stated in the government's filings, Rosenbaum should be sentenced to a term of imprisonment within the applicable Guidelines range, followed by a three-year term of supervised release, restitution in the amount of $1,150,086, and a $100 special assessment.

Dated: February 7, 2024

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: */s/Prashant Kolluri*
PRASHANT KOLLURI
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300